IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DANIEL TURNER,

    Petitioner,

vs.

TY BATES,

    Respondent.

Case No. 11-cv-892-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Pending before the Court is Daniel Turner's ("petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 9). Petitioner, currently incarcerated in the Big Muddy River Correctional Center, was convicted of aggravated fleeing and eluding, resisting arrest, unlawful restraint, vehicular hijacking, and aggravated battery. In his petition, he alleges two grounds: 1) that petitioner was charged and convicted of vehicular hijacking, but claims that it is undisputed that petitioner never "took" the vehicle from the victim as required by the statute and was therefore found not guilty beyond a reasonable doubt; and 2) ineffective assistance of counsel by his appellate counsel for failing to raise the issue raised in ground one in his direct appeal. (Doc. 9).

Petitioner alleges that he directly appealed his conviction and subsequently sought leave to appeal the Illinois Appellate Court's decision affirming his

conviction to the Illinois Supreme Court. His request was denied. He further relates that he filed a state post-conviction petition which was dismissed. He appealed that dismissal to the Illinois Appellate Court and the dismissal was affirmed. Petitioner then filed a petition for leave to appeal with the Illinois Supreme Court, which was denied on March 30, 2011. *Illinois v. Turner*, 949 N.E.2d 664 (2011).

It appears that petitioner has exhausted his state law remedies and timely filed his petition. Accordingly, **IT IS HEREBY ORDERED** that respondent shall answer the petition or otherwise plead within thirty (30) days of the date this order is entered. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness arguments it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Signed this 10th day of August, 2012.

Digitally signed by David R. Herndon
Date: 2012.08.10 15:34:15 -05'00'

**Chief Judge
United States District Court**