# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL TURNER, | ) |
|       Petitioner, | ) |
| vs. | ) Civil No. 11-cv-892-DRH-CJP |
| ZACH ROECKEMAN, | ) |
|       Respondent. | ) |

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

In January, 2007, a jury in Champaign County, Illinois, convicted Daniel Turner of unlawful restraint, aggravated battery and vehicular hijacking. Only the vehicular hijacking conviction is at issue here. Turner filed a petition for habeas relief pursuant to 28 U.S.C. § 2254 (Doc. 9), raising the following grounds:

1. The state did not prove him guilty beyond a reasonable doubt of the crime of vehicular hijacking because it did not prove that he "took" the vehicle from the victim.

2. Appellate counsel was ineffective in failing to raise the issue set forth above on direct appeal.

## I. Relevant Facts

The facts giving rise to the vehicular hijacking conviction are described by the Illinois Appellate Court, Fourth District, as follows:

> At trial, the evidence tended to show that [Turner] struck [Andrea] Thomas in the face with his fist, shattering one of her teeth, and that he then requested the keys to her car. When she gave him the keys, he grabbed her by the arm and pushed her into the interior of her car, through the driver's side door and over to the front passenger seat. He got in the driver's seat and drove away, and as he drove, he struck her several more times in the

face. When he stopped the car, she jumped out and ran to a retail store, where she spoke with the police.

Doc. 26, Ex. H, p. 2.

State court determinations of facts "shall be presumed to be correct" and can only be rebutted by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Mr. Turner does not dispute that Andrea Thomas testified to the above facts. *See* Doc. 9, p. 5.

On direct appeal, Turner raised only one issue as to the vehicular hijacking charge, *i.e.*, that his thirty year sentence should be reduced to fifteen years under the "rule of lenity." His argument was rejected by the Illinois Appellate Court, Fourth District. Doc. 26, Ex. C. His petition for leave to appeal was denied by the Illinois Supreme Court. Doc. 26, Ex. E.

Turner then filed a postconviction petition pursuant to 725 ILCS 5/122-1, *et. seq.*, which was summarily dismissed by the trial court. He argued that counsel on direct appeal was ineffective for failing to argue that the state did not prove him guilty beyond a reasonable doubt of vehicular hijacking because it did not prove that he physically separated the victim from her vehicle. The Appellate Court affirmed the dismissal of the petition. Doc. 26, Ex. H. The Illinois Supreme Court denied his petition for leave to appeal. Doc. 26, Ex. J.

## II. Applicable Legal Standards

### A. Law Applicable §2254 Petition

This habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act, known as the AEDPA. "The Antiterrorism and

Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 692 (2002).

Habeas is *not* yet another round of appellate review. 28 U.S.C. § 2254(d) restricts habeas relief to cases wherein the state court determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

A judgment is "contrary to" Supreme Court precedent if the state court "contradicts the governing law set forth in [Supreme Court] cases." *Coleman v. Hardy*, 690 F.3d 811, 814 (7th Cir. 2012) (citing *Williams v. Taylor*, 529 U.S. 362, 405 (2000)). A state court decision is an "unreasonable application of" clearly established law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* The scope of federal review of state court decisions on habeas is "strictly limited" by 28 U.S.C. § 2254(d)(1); *Jackson v. Frank*, 348 F.3d 658, 661 (7th Cir. 2003). The unreasonable application standard is "a difficult standard to meet." *Id.* at 662. Even an incorrect or erroneous application of the federal precedent will not justify habeas relief; rather, the state court application must be "something like lying well

outside the boundaries of permissible differences of opinion." *Id.* at 662 (internal citation omitted).

## B. Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel must be analyzed under *Strickland v. Washington*, 466 U.S. 668 (1984). Analysis under *Strickland* and on habeas review under § 2254 are both highly deferential. Where, as here, both apply, the review is "doubly" deferential. *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011).

In order to show ineffective assistance of counsel under *Strickland*, a petitioner must demonstrate (1) that counsel's performance "fell below an objective standard of reasonableness" ("the performance prong"), and (2) "that the deficient performance prejudiced the defense" ("the prejudice prong"). *Strickland*, 466 U.S. at 687-688. In order to be entitled to habeas relief, the petitioner must satisfy both prongs of the *Strickland* analysis. However, there is no mandatory order for the analysis, and a habeas court is not required to address both prongs if the petitioner has failed to make a sufficient showing on one. *Id.* at 695-696.

Under *Strickland's* performance prong, a court enquires into "the objective reasonableness of counsel's performance." *Harrington*, 131 S.Ct. at 790. "*Strickland* does not guarantee perfect representation, only a 'reasonably competent attorney.'" *Id.* at 791. There is a strong presumption of adequate assistance and the exercise of reasonable professional judgment to avoid the

temptation to second-guess counsel's assistance. *Id.* at 789. Indeed, a petitioner's right to effective assistance of counsel is violated only when counsel's conduct, in light of all the circumstances, "[was] outside the wide range of professionally competent assistance." *Strickland,* 466 U.S. at 690.

With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 669. "The likelihood of a different result must be substantial, not just conceivable." *Harrington*, 131 S. Ct. at 792. Ultimately, "[t]he focus of the *Strickland* test for prejudice . . . is not simply whether the outcome would have been different; rather, counsel's shortcomings must render the proceeding fundamentally unfair or unreliable." *Gray v. Hardy*, 598 F.3d 324, 331 (7th Cir. 2010).

### III. Timeliness, Exhaustion, and Procedural Default

Respondent concedes that the petition was timely filed. Doc. 25, p. 6.

A habeas petitioner must clear two procedural hurdles before the Court may reach the merits of his habeas corpus petition: exhaustion of remedies and procedural default. *Rodriguez v. Peters*, 63 F.3d 546, 555 (7th Cir. 1995). Before seeking habeas relief, a petitioner is required to bring his claim(s) through "one complete round of the State's established appellate review process" because "the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are

temptation to second-guess counsel's assistance. *Id.* at 789. Indeed, a petitioner's right to effective assistance of counsel is violated only when counsel's conduct, in light of all the circumstances, "[was] outside the wide range of professionally competent assistance." *Strickland,* 466 U.S. at 690.

With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 669. "The likelihood of a different result must be substantial, not just conceivable." *Harrington*, 131 S. Ct. at 792. Ultimately, "[t]he focus of the *Strickland* test for prejudice . . . is not simply whether the outcome would have been different; rather, counsel's shortcomings must render the proceeding fundamentally unfair or unreliable." *Gray v. Hardy*, 598 F.3d 324, 331 (7th Cir. 2010).

### III. Timeliness, Exhaustion, and Procedural Default

Respondent concedes that the petition was timely filed. Doc. 25, p. 6.

A habeas petitioner must clear two procedural hurdles before the Court may reach the merits of his habeas corpus petition: exhaustion of remedies and procedural default. *Rodriguez v. Peters*, 63 F.3d 546, 555 (7th Cir. 1995). Before seeking habeas relief, a petitioner is required to bring his claim(s) through "one complete round of the State's established appellate review process" because "the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are

temptation to second-guess counsel's assistance. *Id.* at 789. Indeed, a petitioner's right to effective assistance of counsel is violated only when counsel's conduct, in light of all the circumstances, "[was] outside the wide range of professionally competent assistance." *Strickland,* 466 U.S. at 690.

With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 669. "The likelihood of a different result must be substantial, not just conceivable." *Harrington*, 131 S. Ct. at 792. Ultimately, "[t]he focus of the *Strickland* test for prejudice . . . is not simply whether the outcome would have been different; rather, counsel's shortcomings must render the proceeding fundamentally unfair or unreliable." *Gray v. Hardy*, 598 F.3d 324, 331 (7th Cir. 2010).

### III. Timeliness, Exhaustion, and Procedural Default

Respondent concedes that the petition was timely filed. Doc. 25, p. 6.

A habeas petitioner must clear two procedural hurdles before the Court may reach the merits of his habeas corpus petition: exhaustion of remedies and procedural default. *Rodriguez v. Peters*, 63 F.3d 546, 555 (7th Cir. 1995). Before seeking habeas relief, a petitioner is required to bring his claim(s) through "one complete round of the State's established appellate review process" because "the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are

temptation to second-guess counsel's assistance. *Id.* at 789. Indeed, a petitioner's right to effective assistance of counsel is violated only when counsel's conduct, in light of all the circumstances, "[was] outside the wide range of professionally competent assistance." *Strickland,* 466 U.S. at 690.

With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 669. "The likelihood of a different result must be substantial, not just conceivable." *Harrington*, 131 S. Ct. at 792. Ultimately, "[t]he focus of the *Strickland* test for prejudice . . . is not simply whether the outcome would have been different; rather, counsel's shortcomings must render the proceeding fundamentally unfair or unreliable." *Gray v. Hardy*, 598 F.3d 324, 331 (7th Cir. 2010).

### III. Timeliness, Exhaustion, and Procedural Default

Respondent concedes that the petition was timely filed. Doc. 25, p. 6.

A habeas petitioner must clear two procedural hurdles before the Court may reach the merits of his habeas corpus petition: exhaustion of remedies and procedural default. *Rodriguez v. Peters*, 63 F.3d 546, 555 (7th Cir. 1995). Before seeking habeas relief, a petitioner is required to bring his claim(s) through "one complete round of the State's established appellate review process" because "the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are

presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728 (1999); *see also* 28 U.S.C. § 2254(c). Under the Illinois two-tiered appeals process, petitioners such as Turner must fully present their claims not only to an intermediate appellate court, but also to the Illinois Supreme Court, which offers discretionary review in cases such as this one. *Id.* at 843-846.

Here, respondent admits that petitioner has exhausted state remedies and that he presented his ineffective assistance of counsel argument for one full round of state court review in state postconviction proceedings. Doc. 25, p. 6.

### IV. Analysis

The Illinois vehicular hijacking statute, 720 ILCS 5/18-3(a), provides:

> A person commits vehicular hijacking when he or she knowingly takes a motor vehicle from the person or the immediate presence of another by the use of force or by threatening the imminent use of force.

Petitioner argues that "takes" means "to forcibly separate" a person from her vehicle. He relies on remarks made by the sponsor of the legislation during floor debate and on a case from an Indiana Appellate Court construing the Indiana vehicular hijacking statute. He maintains that, since there was no evidence that he forcibly separated Andrea Thomas from her vehicle, the state did not prove him guilty of vehicular hijacking. Notwithstanding petitioner's attempt to cast this as an attack on the sufficiency of the evidence, this argument raises only a non-cognizable issue of state law.

Federal courts cannot review state court interpretations of state law on § 2254 petitions. *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991); *Curtis v.*

*Montgomery*, 552 F.3d 578, 582 (7th Cir. 2009). Turner's point is really that the state court misunderstood the elements of the crime of vehicular hijacking. This argument in no way constitutes a cognizable sufficiency of the evidence argument. Quite simply, a "claim that the state court misunderstood the substantive requirements of state law does not present a claim under § 2254. *Bates v. McCaughtry*, 934 F.2d 99, 102 (7th Cir. 1991).

Turner's first point does not present a cognizable sufficiency of the evidence claim. The Supreme Court held in *Jackson v. Virginia*, 443 U.S. 307 (1979), that a federal habeas court can consider whether the state presented enough evidence to permit a reasonable juror to find defendant guilty beyond a reasonable doubt. In *Bates, supra,* the Seventh Circuit explained the distinction between a *Jackson* sufficiency of the evidence claim and a claim that the state court misunderstood the elements of state law:

> What is essential to establish an element, like the question whether a given element is necessary, is a question of state law. To say that state law "rightly understood" requires proof of Z', and that the evidence is insufficient because the prosecution failed to establish this, is to use *Jackson* as a back door to review of questions of substantive law.

*Bates*, 934 F.2d at 103.

The fact that Mr. Turner's first point raises only a question of state law is demonstrated by his reply to respondent's answer (Doc. 27). He argues that the interpretation of the word "take" in the statute is unsettled, and that the Appellate Court's interpretation is contrary to what the Illinois Supreme Court likely would

have decided had it considered the issue. This is exactly the kind of state law issue that this Court is unable to consider on a § 2254 petition.

Mr. Turner's second point is that his appellate counsel was ineffective for failing to argue that the state was required to prove that he forcibly separated the victim from her vehicle. He raised his issue in his postconviction petition. Doc. 26, Ex. F.

On habeas review, the federal court assesses the decision of the last state court to rule on the merits of the claim. *Simpson v. Battaglia*, 458 F.3d 585, 592 (7th Cir. 2006). In Turner's case, that is the decision of the Illinois Appellate Court affirming the dismissal of his postconviction petition. The state court decision is at Doc. 26, Ex. H.

The Illinois Appellate Court correctly identified *Strickland v. Washington*, 466 U.S. 668 (1984), as the applicable Supreme Court precedent. The court also cited *People v. Jackson*, 793 N.E.2d 1 (Ill. 2001), which correctly notes that the *Strickland* two-pronged test requires a showing of both deficient performance by counsel and resulting prejudice. *Jackson*, 793 N.E.2d at 9.

Applying *Strickland*, the Appellate Court determined that the performance of Turner's appellate counsel was not outside the range of objective reasonableness because reasonable professional judgment "did not require appellate counsel to disregard the linguistic meaning of section 18-3(a)." In the state court's view, to "take" something means to get the object into one's possession, power, or control; the court observed that a person "can get a car into

one's power or control without emptying the car of all people." Accordingly, the court concluded that appellate counsel's failure to argue that the vehicular hijacking statute requires a showing that defendant physically separated the victim from her car was not objectively unreasonable. Doc. 26, Ex. H, pp. 2-3.

Petitioner has not demonstrated that the Appellate Court's application of *Strickland* was unreasonable. In fact, it was not. To prevail on a claim that appellate counsel was ineffective for failing to raise a particular issue, petitioner "must show that appellate counsel failed to raise an obvious issue that is stronger than the other claims raised and that prejudice flowed from that failure." *Johnson v. Thurmer*, 624 F.3d 786, 793 (7th Cir. 2010). Here, the state court determined that counsel's interpretation of the state statute was within the realm of acceptable professional opinion. This Court cannot review the correctness of that conclusion as it is purely a matter of state law. Notably, Turner cited no Illinois case in his postconviction brief holding that the state is required to prove that the defendant physically separated the victim from her vehicle in a vehicular hijacking case. He cites no such Illinois case here. Under these circumstances, the issue cannot be said to have been "obvious." Under the doubly deferential standard of review, *Harrington,* 131 S.Ct. at 788, this Court must conclude that the Illinois Appellate Court's application of *Strickland* was not unreasonable. Therefore, Turner is not entitled to habeas relief.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, this Court must "issue or deny a certificate of appealability when it enters a final order

adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). No reasonable jurist could find the above assessment of plaintiff's claims to be debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, the Court denies a certificate of appealability.

## V. Conclusion

Daniel Turner's petition for habeas relief under 28 U.S.C. § 2254 (Doc. 9) is **DENIED**. This cause of action is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 3rd day of December, 2013.

Digitally signed by David R. Herndon
Date: 2013.12.03 13:20:35 -06'00'

**Chief Judge**
**United States District Court**